# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:12-CR-252 |
|---|---|---|
| v. | : | (Chief Judge Conner) |
| LAWRENCE B. BLEVINS, | : | |
| Defendant | : | |

## **MEMORANDUM**

The court sentenced defendant Lawrence B. Blevins ("Blevins") to 240 months' imprisonment for receipt of child pornography pursuant to 18 U.S.C. § 2252(a)(2), (b). (Doc. 109). Presently before the court is Blevins' motion (Doc. 112) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Blevins argues that that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), and that his attorney was ineffective in violation of the Sixth Amendment to the United States Constitution. The court will deny the motion.

## I.     **Factual Background & Procedural History**

A grand jury returned an indictment (Doc. 1) on October 3, 2012, charging Blevins with two counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2), (b) and 18 U.S.C. § 2252(a)(2), (b). Blevins entered a plea of not guilty to both counts on October 4, 2012. (Doc. 12). The court appointed Attorney Thomas A. Thornton ("trial counsel") to represent Blevins. (Doc. 11).

Blevins' jury trial commenced on November 18, 2013 and lasted three days. (Docs. 100-02). Two government agents testified concerning their investigation resulting in the discovery of thousands of images and videos depicting child pornography from Blevins' electronic devices. (Doc. 100 at 94:3-13, 101:23-124:23,

127:22-146:7; Doc. 101 at 127:17-148:4). The government also presented several witnesses, including Blevins' former roommates Michael Cramer ("Cramer") and Brenda Lynn Blair-Long ("Blair-Long"), to corroborate their findings. (Doc. 101 at 30:13-61:15, 88:13-110:6). The jury returned a guilty verdict on both counts. (Doc. 75).

The United States Probation Office conducted a presentence investigation and prepared a presentence report ("PSR") for Blevins, calculating a total offense level of 43. (PSR ¶¶ 27-40). The PSR included, *inter alia*, various statements of Blevins' ex-wife, her niece, and her daughter. (PSR ¶¶ 4-6, 10, 14, 15, 17-18). Trial counsel objected to inclusion of the statements on the grounds that they were unsupported and speculative. (Doc. 89 at 2-4; Doc. 103 at 7:11-9:2). The court overruled all but one of trial counsel's factual objections and found that the information contained in the PSR was appropriate and accurate. (Doc. 103 at 9:3-9:25). After considering the salient 18 U.S.C. § 3553(a) factors, the court varied downward from the Sentencing Guidelines range of 960 months to impose a sentence of 240 months on each count, to be served concurrently. (See Doc. 96).

Blevins filed a notice of appeal with the United States Court of Appeals for the Third Circuit on July 10, 2014. (Doc. 97). On June 15, 2015, the Third Circuit Court of Appeals affirmed in part and vacated in part Blevins' conviction and sentence, finding Counts 1 and 2 duplicative and remanding for resentencing. See United States v. Blevins, 614 F. App'x 609 (3d Cir. 2015) (nonprecedential); (Doc. 104). The court resentenced Blevins on July 21, 2015, vacating Count 1 and imposing the original sentence of 240 months' imprisonment for Count 2. (Doc.

109).  Blevins timely filed the instant motion (Doc. 112) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 8, 2016.  The government submitted an opposition brief (Doc. 115) on July 29, 2016, and Blevins filed a reply (Doc. 121) on September 9, 2016.  The motion is ripe for disposition.

## II.  **Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  28 U.S.C. § 2255.  Courts may afford relief under § 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States."  28 U.S.C. § 2255(a); see also R. GOVERNING § 2255 CASES R. 1(a).  The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  The court accepts the truth of the defendant's allegations when reviewing a § 2255 motion unless those allegations are "clearly frivolous based on the existing record."  United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).  A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record."  United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

**III.    Discussion**

Blevins advances two theories in support of his request for § 2255 relief.  He contends that the government suppressed exculpatory evidence and that his trial counsel was ineffective.  The court considers these issues *seriatim*.

**A.    Brady Violation**

Blevins argues that the government did not disclose the existence of videos that trial counsel could have used to impeach government witness Cramer.  (Doc. 112 at 4; Doc. 121 at 3).  Under Brady, the government's suppression of exculpatory or impeachment evidence material to the defendant's guilt or to punishment, irrespective of good faith or bad faith, violates due process.  Brady, 373 U.S. at 87; United States v. Risha, 445 F.3d 298, 303 (3d Cir. 2006).

The government rejoins that it did not suppress video evidence.  (Doc. 115 at 5-6).  The government's proffered disclosure form indeed identifies and describes the videos with which Blevins takes issue.  (See Doc. 117).  The disclosure explicitly references the two videos Cramer allegedly filmed which Blevins submits trial counsel could have used to impeach Cramer.  (Doc. 112 at 4; Doc. 117 at 2; Doc. 121 at 3).  The government uncontrovertibly disclosed the disputed evidence *sub judice*.[1]  Hence, no Brady violation exists.  The court concludes that Blevins' Brady argument is unsustainable.

---

[1] Blevins further suggests that the government did not disclose that it prejudiced Cramer and Blair-Long against Blevins by showing them videos Blevins allegedly made.  (Doc. 112 at 4; Doc. 121 at 2-3).  The government disclosed that, to ascertain the identities of the recorder and subjects of the videos, a government investigator showed said videos to Cramer and Blair-Long.  (Doc. 117 at 2).  The government timely made this disclosure to Blevins in advance of trial.  (Doc. 115 at 5-6; Doc. 117 at 2).  Consequently, Blevins' *allegata* do not support a Brady claim.

4

### B. Ineffective Assistance of Counsel

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on this claim, a petitioner must demonstrate, first, that trial counsel's representation fell below an objective level of reasonableness based on prevailing professional norms and, second, that the deficient representation was prejudicial. See id. at 687-88. Conclusory allegations are insufficient to entitle a petitioner to relief under § 2255. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). Counsel will not be deemed ineffective for failing to raise a meritless claim. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of

the inquiry if the defendant makes an insufficient showing in one.  See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### 1.    *Failure to Object to the PSR*

Blevins argues that trial counsel failed to object to errors in his PSR.  (Doc. 112 at 6, 13; Doc. 121 at 4-5).  Blevins posits that certain facts contained within the PSR are not "truthful or complete."  (Doc. 112 at 13).  He particularly takes issue with statements by his ex-wife and stepdaughter included in the PSR.  (Id.)  The record demonstrates that trial counsel thoroughly objected to these facts in Blevins' sentencing memorandum and during Blevins' sentencing.  (Doc. 89 at 2-4; Doc. 103 at 7:11-9:2).  Trial counsel's professional assistance was reasonable in this regard.  See Gray, 878 F.2d at 710.  The court accordingly finds no basis for § 2255 relief on this issue.

### 2.    *Failure to Obtain and Protect Evidence*

Blevins avers that trial counsel failed to obtain relevant fingerprint and photographic evidence.[2]  (Doc. 112 at 5, 9, 13).  He further states that trial counsel failed to protect evidence by mistakenly sending discovery materials to Cramer and Blair-Long's residence.  (Id. at 8).  The court addresses these arguments in turn.

Blevins asserts that he provided trial counsel with a computer mouse from which to obtain fingerprints and trial counsel failed to do so.  (Id. at 5).  Blevins contends that trial counsel likewise failed to obtain photographs depicting the

---

[2] Blevins also contends *passim* that trial counsel failed to interview appropriate witnesses and failed to obtain video evidence for his appeal.  (Doc. 112 at 5, 9, 13).  Blevins does not identify any such purported witnesses or video evidence.  The court will not address these conclusory allegations.  See Thomas, 221 F.3d at 437.

6

lockless door of his room. (Id. at 9). This collective evidence, Blevins argues, demonstrates that others had access to his electronics and room. (Id. at 5, 9). The government remonstrates that such evidence is duplicative of that introduced at trial. (Doc. 115 at 7-10, 13).

The trial record evinces that others used Blevins' electronics and had access to his room. (See Doc. 101 at 84:5-85:25, 114:14-21; Doc. 102 at 8:13-9:6, 12:9-13:4). Trial counsel chose to pursue the theory of a lockless door through witness testimony, (see Doc. 101 at 38:7-11, 54:21-61:2, 104:5-106:17; Doc. 102 at 8:13-11:25, 34:14-39:6), which is an appropriate strategic decision. See Gray, 878 F.2d at 710. There is furthermore no prejudice to Blevins: introduction of purely corroborative evidence would not have altered the outcome of his trial. See Strickland, 466 U.S. at 694. The court concludes that Blevins' assertions do not satisfy the Strickland standard.

Blevins additionally claims that trial counsel was ineffective in sending discovery materials to Blevins' former address, the residence of Cramer and Blair-Long. (Doc. 112 at 8). Blevins speculates that Cramer and Blair-Long reviewed the discovery materials, which impacted their testimony. (Id.; Doc. 121 at 6). Assuming *arguendo* that this speculation is true and trial counsel was ineffective, Blevins nonetheless fails to demonstrate prejudice. See Strickland, 466 U.S. at 687-88. Substantial evidence at trial established Blevins' guilt. Testimony by Officer Timothy Fink and Detective Mark Baxter detailed the recovery of myriad pictures and videos containing pornographic images of minors from Blevins' electronic devices. (See Doc. 100 at 94:3-13, 101:23-124:23, 127:22-146:7; Doc. 101 at 127:17-

148:4). Detective Baxter found in excess of 536,000 child pornographic images and over 500 child pornographic videos on Blevins' two external hard drives, laptop, and desktop computer. (Doc. 101 at 135:19-137:9, 139:7-140:3, 143:25-145:17, 146:7-146:22). Detective Baxter also testified that he located these pornographic images and videos on the same devices that contained home videos surreptitiously taken by Blevins depicting Blair-Long or Cramer's daughter in the shower. (Id. at 148:11-151:1). The government provided testimony from Cramer and Blair-Long to substantiate, *inter alia*, that the devices in question belonged to Blevins. (See Doc. id. at 30:13-61:15, 88:13-110:6). Blevins also confirmed at trial that he owned the devices. (Id. at 186:11-195:4). The weight of record evidence controverts Blevins' contention that his trial's outcome probably would have differed but for trial counsel's inadvertent mailing. See Strickland, 466 U.S. at 694. The court consequently finds that Blevins has no recourse based on this claim.[3]

## IV. Conclusion

The court will deny Blevins' motion (Doc. 112) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: April 19, 2017

---

[3] Blevins summarily alleges that the government proved possession of child pornography but not receipt. (Doc. 112 at 13). The record evidence, specifically Officer Timothy Fink's testimony, squarely refutes this assertion. (See Doc. 100 at 94:3-13, 101:23-124:23).